**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHAN LEE SCOTT, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 12-CV-235-GKF-TLW |
| JUSTIN JONES, Director,[1] | ) ) ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. In response to the petition, Respondent filed a motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner did not file a response to the motion. He did, however, file a brief in support of his petition. See Dkt. # 7. Respondent's argument for dismissal is premised on the allegation that Petitioner, a state inmate represented by counsel, failed to file his petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). For the reasons discussed below, the Court finds that Respondent's motion to dismiss shall be granted and the petition dismissed with prejudice as time barred.

*BACKGROUND*

Petitioner was convicted at the conclusion of a bench trial of Shooting With Intent to Kill, two counts of Feloniously Pointing a Weapon, and Possession of a Firearm, all After Former

---

[1] Since Petitioner is incarcerated at Davis Correctional Facility, a private prison, the proper respondent in this case is Justin Jones, Director of the Oklahoma Department of Corrections. See Rule 2, Rules Governing Section 2254 Cases. For that reason, the Court Clerk shall be directed to substitute Justin Jones, Director, in place of Tim Wilkinson, Warden, as party respondent in this action.

Conviction of a Felony, in Tulsa County District Court, Case No. CF-1991-5520. On April 29, 1993, the trial judge sentenced Petitioner to a total term of imprisonment of forty-five (45) years. See Dkt. # 6, Ex. 1. He did not file a timely direct appeal. In fact, other than writing letters to the district court and filing motions requesting appointment of counsel in 2011, or approximately eighteen (18) years after being sentenced, he has taken no action challenging his convictions in state court.

On April 23, 2012, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He complains that his trial counsel provided ineffective assistance when he failed to perfect an appeal and that his conviction on two (2) counts of Feloniously Pointing a Weapon violated the prohibition against double jeopardy. See Dkt. # 1.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In <u>United States v. Simmonds</u>, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, <u>United States v. Hurst</u>, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996.  In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by <u>Simmonds</u>.  <u>Hoggro v. Boone</u>, 150 F.3d 1223 (10th Cir. 1998).  Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), this habeas petition was not filed within the one-year limitations period. Petitioner's conviction entered in Tulsa County District Court, Case No. CF-1991-5520, became final on or about May 9, 1993, when he failed to file a notice of appeal within ten (10) days after pronouncement of his Judgment and Sentence.  <u>See</u> Rule 2.5(A), <u>Rules of the Oklahoma Court of Criminal Appeals</u> (requiring the defendant to file a notice of appeal within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction).  Thus, Petitioner's conviction became final well before April 24, 1996, the date of enactment of the AEDPA. As a result, Petitioner had to file a habeas petition within one (1) year of enactment of the AEDPA, or on or before April 24, 1997.  <u>Hurst</u>, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, the record cited above confirms that Petitioner has never filed a post-conviction application or other request for collateral review. As a result, there is no basis for statutory tolling of the limitations period. Therefore, this habeas corpus petition appears to be untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Equitable tolling is appropriate only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

In this case, Petitioner has not demonstrated "extraordinary circumstances" justifying equitable tolling. In response to the motion to dismiss, Petitioner filed a brief in support of his petition (Dkt. # 7). Nothing in that brief or in the petition suggests that Petitioner is entitled to equitable tolling of the one-year period. The Court concludes that because Petitioner is not entitled

4

to equitable tolling of the limitations period, the petition, filed April 23, 2012, or almost fifteen (15) years after expiration of the grace period, is untimely. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Court Clerk shall **substitute** Justin Jones, Director, as the proper Respondent in this matter.

2. Respondent's motion to dismiss for failure to file within the limitations period (Dkt. # 5) is **granted**.

3. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

4. A separate Judgment shall be entered in this matter.

5. A certificate of appealability is **denied**.

DATED THIS 26th day of December, 2012.

*[signature]*
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT